PAGE v. BRUMMER.

(Supreme Court, Appellate Term. June 22, 1903.)

1. APPEAL—VERDICT—REVIEW.
    Whether certain items in a counterclaim in an action for attorney's services should have been allowed will not be reviewed where it does not affirmatively appear that the verdict included such items.

Appeal from City Court of New York, Trial Term.

Action by William R. Page against John Brummer. A verdict was rendered in favor of plaintiff for $25, and, defendant's costs having been duly taxed at the sum of $68.45, a judgment was rendered in favor of defendant for the difference, from which, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Elon S. Hobbs, for appellant.
Charles H. Fuller, for respondent.

MacLEAN, J. In a contract of July 14, 1893, between these parties, respecting a claim of the defendant for damages done his premises on Third avenue by the New York Elevated Railroad Company, the plaintiff undertook to prosecute and collect the claim, and pay the owner two-thirds of the sum recovered and received, retaining

one-third of the sum for his services, for which latter, in case he failed to collect, he was to receive nothing. Four years later, and before the plaintiff had collected anything, the defendant sold his property. So the plaintiff brought this action to recover the value of his services, stated at $1,000. As a witness, he estimated their worth at $1,000; his witness estimated them at $750; and the witness for the defendant considered them worth $250. The defendant denied the liability, and set up two counterclaims—demands assigned him by his wife—against the plaintiff, arising out of two contracts substantially similar, respecting other pieces of property, consisting in the two actions of claims for overcharges of costs for $193.34 and $128, extra fees of $60 and $60, and of one-third disbursements, $48.63 and $32.66; aggregating in both $522.63. The jury rendered a verdict in favor of the plaintiff for $25. As no appeal was taken by the defendant, most of the questions of law have been eliminated. Some others, urged upon the supposition that there was no proof of the character of the contract with Mrs. Brummer, need not be considered, because his counsel has overlooked the plaintiff's testimony that the contract with the wife was substantially similar. The plaintiff's assuming certain things as necessarily involved in the verdict of the jury for the amount in his favor bases a good part of his argument upon the necessary exclusion of the amounts charged by him to Mrs. Brummer for disbursements, because such an arrangement would be champertous. Even if this construction be put upon the agreement, presumably drawn by the plaintiff himself, the deductions, if allowed, would not be decisive here; for, if the jury threw out the items for disbursements altogether, and took something between the lowest and the middle estimate of the lawyer's services, their verdict would be justifiable, and the judgment should be sustained.

Judgment affirmed, with costs. All concur.